UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARL FREDERICKSON,<br>Plaintiff,<br>v.<br>LEE WONG, et al.,<br>Defendants. | Case No. 15-cv-02488-KAW (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 21, 28 |

Plaintiff, a state prisoner incarcerated at San Quentin State Prison ("SQ"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against employees of SQ. Plaintiff alleges that Defendants violated his due process rights by denying him the opportunity to read his statement, to call witnesses in his defense or to cross-examine the state's witnesses at a hearing to determine whether he should be placed in SQ's Psychiatric Inpatient Program ("PIP"). Defendants have filed a motion to dismiss for failure to state a claim for relief and Plaintiff has filed a motion for sanctions. Both motions are fully briefed. Defendants also request the Court to take judicial notice of documents filed in the Eastern District of California case, *Coleman v. Brown*, Case Number 90-cv-00520 LKK/DAD (E.D. Cal.).

For the reasons discussed below, the motion to dismiss is granted in part and denied in part. The motion for sanctions is denied. The request for judicial notice is also denied; the documents in the *Coleman* case are not relevant to the motion to dismiss Plaintiff's procedural due process claim.

**BACKGROUND**

The complaint contains the following allegations. On October 6, 2014, Plaintiff was notified that a hearing was scheduled on October 9, 2014 to determine his possible transfer to an acute or inpatient mental health treatment bed in the SQ PIP. Comp., Ex. 1 at 5. Defendant

Correctional Counselor Art Maneja was assigned as a staff assistant to aid Plaintiff in collecting and presenting evidence at the hearing. *Id.* On October 9, 2014, Plaintiff appeared at the hearing with Counselor Maneja. *Id.* Dr. Lee Wong convened the hearing, which was attended by Courtney Corrado, Sheila Dickson and Roderick Ponath. Comp. at 3. As soon as all the participants were assembled, Defendant Corrado ordered a correctional officer to escort Plaintiff from the meeting. *Id.* Forty-five minutes later, Plaintiff was called back into the meeting. *Id.* Defendant Wong denied Plaintiff's requests to read a prepared statement or to call two witnesses in his defense. *Id.* As a result of Defendants' decision to place Plaintiff in the SQ PIP, he was denied the property rights and privileges he possessed before he was placed in the SQ PIP. *Id.*

On October 15, 2014, Plaintiff appeared before the SQ Institutional Classification Committee ("ICC") for a program review. Comp. Ex. 1 at 4. Plaintiff was given seventy-two hours' notice of the hearing and Counselor Meneja was assigned as Plaintiff's staff assistant. *Id.* The members of the ICC confirmed Plaintiff's placement in the SQ PIP. *Id.*

Plaintiff filed an administrative appeal asserting that he "was made to wait outside for 45 minutes while they conducted a hearing. Additionally, appellant cites he was not allowed to introduce evidence to include documents and witnesses." Comp., Ex. A at 7. Warden Ron Davis, the Second Level Reviewer of Plaintiff's administrative appeal, granted it, finding that Plaintiff's inability to call officers as witnesses or present an opening statement violated his due process rights. *Id.* at 8. Warden Davis also granted Plaintiff's request for a re-hearing before an unbiased hearing officer. *Id.*

**DISCUSSION**

**I. Motion to Dismiss**

    **A. Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a

1  complaint (or any part thereof) that "fail[s] to state a claim upon which relief can be granted."
2  Fed. R. Civ. P. 12(b)(6). In considering whether a plaintiff has stated a claim upon which relief
3  may be granted, the court must accept as true all factual allegations in the complaint and construe
4  them in the light most favorable to the plaintiff. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d
5  668, 679 (9th Cir. 2001). Where a plaintiff is proceeding *pro se*, "particularly in civil rights
6  cases," the Court "construe[s] the pleadings liberally" and gives the plaintiff "the benefit of any
7  doubt." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Still, to survive a motion to
8  dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is
9  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility
10  standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that
11  a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a
12  plaintiff need not provide "detailed factual allegations," a complaint must contain more than mere
13  "labels and conclusions[,] . . . a formulaic recitation of the elements of a cause of action[,] . . . or
14  naked assertion[s] devoid of further factual enhancement." *Id*. It must provide sufficient factual
15  allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to
16  "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct
17  alleged." *Iqbal*, 556 U.S. at 678.

### B. Procedural Due Process

19  Interests that are procedurally protected by the Due Process Clause may arise from two
20  sources: the Due Process Clause itself and laws of the states. *Meachum v. Fano*, 427 U.S. 215,
21  223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty.
22  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner
23  implicate the Due Process Clause itself, whether or not they are authorized by state law. *Sandin v.*
24  *Conner*, 515 U.S. 472, 484 (1995). Inmates have a protected liberty interest in avoiding
25  involuntary psychiatric treatment. *Vitek v. Jones*, 445 U.S. 480, 493-94 (1980). The due process
26  protections at a hearing for involuntary psychiatric treatment include: (1) written notice to the
27  inmate that a transfer to a mental hospital is being considered; (2) a hearing, sufficiently after the
28  notice to permit the prisoner to prepare, at which the prisoner is informed of the evidence being

relied upon for the transfer and given an opportunity to be heard in person and to present documentary evidence; (3) an opportunity at the hearing to present testimony of witnesses by the defense and to confront and cross-examine witnesses called by the state, except upon a finding, not arbitrarily made, of good cause for not permitting such presentation, confrontation or cross-examination; (4) an independent decision maker; (5) a written statement by the factfinder providing the evidence relied on and the reasons for transferring the inmate; (6) legal counsel, if the inmate is financially unable to furnish his own; and (7) effective and timely notice of these rights. *Id.* at 494-95.

A violation of due process rights requires a procedural correction, not the reinstatement of substantive rights. *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991).

**II. Analysis**

**A. Motion to Dismiss Due Process Claim Based on *Vitek* Hearing**

In their motion, Defendants argue that the allegations in Plaintiff's complaint "clearly show" that he was accorded all the required procedural safeguards during the October 9, 2014 PIP placement hearing. However, in their reply, Defendants acknowledge that, "they failed to mention in their moving papers that Plaintiff's inmate grievance was partially granted at the second level of review and Plaintiff was granted a second *Vitek* hearing. Defendants want to apologize for the error." Reply at 3.

The allegations in the complaint and the grant of Plaintiff's grievance show that, although Plaintiff may have received timely notice of the October 9, 2014 SQ PIP placement hearing and a staff assistant, at the hearing he was not given an opportunity to be heard, to present documentary evidence, to present his own witnesses, to confront and cross-examine witnesses called by the state or to be represented by legal counsel. Therefore, it is clear that Defendants did not provide Plaintiff the procedural safeguards required for an involuntary placement hearing established in *Vitek*.

Even though Defendants acknowledge that they failed to provide Plaintiff with all the procedural protections that are warranted at a *Vitek* hearing, they still argue in their reply that their motion to dismiss should be granted. Citing *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir.

1988), they argue that the complaint alleges only Defendant Wong was the hearing officer who made the decision to refer Plaintiff to the SQ PIP and, therefore, the claim against all other Defendants should be dismissed because Plaintiff does not show causation.

The complaint alleges that all Defendants were at the SQ PIP hearing and, as a result of Defendants' individual and concerted actions, Plaintiff was transferred into the SQ PIP where he was denied all property and privileges. Comp. at 3. Liberally construed, these allegations are sufficient to state a due process claim that is plausible on its face against all Defendants. *Leer,* which addressed a motion for summary judgment where the plaintiff is required to produce evidence in support of the elements of his claim, is inapplicable to Defendants' motion to dismiss. *See* Fed. R. Civ. P. 8 (complaint only requires short statement of claim showing plaintiff is entitled to relief and which puts defendants on notice of the claim against them). Therefore, the due process claim will not be dismissed on the ground that Plaintiff has not shown how each Defendant caused the due process violation.

Defendants also argue that because, five months later, Plaintiff was granted a new *Vitek* hearing by the second level appeal review, the claim against Wong should also be dismissed. However, a statement in a document attached to Plaintiff's complaint indicating that the prison will grant a new hearing, is insufficient to establish that such a hearing took place. Defendants acknowledge that, the hearing, if one was held, took place five months after the first hearing. Therefore, even based on Defendants' representation that a second hearing took place, Plaintiff was in the SQ PIP for five months as a result of a hearing at which Defendants allegedly did not provide him with required constitutional due process protections. The motion to dismiss based on Defendants' claim that Plaintiff received a new hearing is denied.

**B. Motion to Dismiss Due Process Claim Based on Loss of Property**

In his complaint, Plaintiff alleges that, as a result of Defendants' decision to place him in the SQ PIP, he was denied property and privileges. In his opposition, he specifies that, in the SQ PIP, he was not allowed to possess a television or hot pot, make phone calls or purchase grade "A" canteen items up to $220, enjoy group yard activities or group religious activities. It is not clear whether Plaintiff intends to assert a separate due process claim based on these allegations or to use

5

them to illustrate the difficulties he faced as a result of Defendants' decision.

Defendants interpret these allegations as asserting a due process claim based on lost property and privileges. Citing *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994), they argue that the lost property does not implicate the due process clause because "California law provides an adequate post-deprivation remedy for any property deprivations."

In *Barnett*, the plaintiff argued that he was deprived of property without due process. *Id.* at 816. The Ninth Circuit held that the plaintiff was not deprived of property without due process but because he was reclassified to grade B, where he was not eligible to possess the additional property. *Id.* The court also held that a negligent or intentional deprivation of a prisoner's property fails to state a federal due process claim if the state has an adequate post deprivation remedy and California law provides such a remedy. *Id.* Therefore, to the extent that Plaintiff intends to state a due process claim based on the loss of property and privileges in the SQ PIP, it is foreclosed by *Barnett*. Defendants' motion to dismiss such a claim is granted.

**C. Qualified Immunity**

In their motion, Defendants argue that, even if they are found to have violated Plaintiff's due process rights, they are entitled to summary judgment based on qualified immunity.[1]

Plaintiff seeks both injunctive relief and money damages. "Qualified immunity is only an immunity from suit for money damages, and does not provide immunity from a suit seeking declaratory or injunctive relief." *Hydrick v. Hunter*, 669 F.3d 937, 939-40 (9th Cir. 2012). Accordingly, Defendants are not entitled to qualified immunity on Plaintiff's claims for declaratory or injunctive relief.

With respect to Plaintiff's damages claims, the defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court considering a claim of

---

[1] In their reply, Defendants do not respond to Plaintiff's opposition argument that they are not entitled to qualified immunity because the reviewer of his administrative appeal found that they had violated his due process rights. Thus, Defendants may have abandoned their qualified immunity defense. Nevertheless, the Court will address their qualified immunity argument.

qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether the right was clearly established, such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As discussed above, Plaintiff has sufficiently alleged the deprivation of his due process rights at the *Vitek* hearing. Furthermore, the right to due process protections at a *Vitek* hearing was clearly established by the Supreme Court in 1980, such that it would be clear to reasonable officers that it was unlawful to deny Plaintiff the opportunity to read his statement, to call witnesses, to cross-examine the state's witnesses and to be represented by counsel at his *Vitek* hearing. *See Vitek*, 445 U.S. at 493-94.

Therefore, Defendants are not entitled to summary judgment based on qualified immunity.

**D. Eleventh Amendment Immunity**

Defendants argue that the Eleventh Amendment bars Plaintiff's claims against them in their official capacity.

The Eleventh Amendment bars from the federal courts suits for damages against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This Eleventh Amendment immunity also extends to suits against state officials sued in their official capacities. *Id.* at 169-70. However, a state official may be sued in his official capacity for prospective injunctive relief from unconstitutional state action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989); *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004).

Therefore, Defendants, in their official capacity, are immune from liability for damages under the Eleventh Amendment; however, they are not immune from Plaintiff's claims for prospective injunctive relief.

**E. Damages**

Plaintiff seeks compensatory and punitive damages, a preliminary and permanent injunction and a declaration that Defendants' acts violated Plaintiff's rights. Defendants argue that Plaintiff is not entitled to these damages or to injunctive or declaratory relief.

#### 1. Compensatory Damages

Defendants argue that, even if Plaintiff's due process rights were violated, he cannot receive compensatory damages because a due process violation only requires procedural correction and, thus, Plaintiff is only entitled to a new hearing, not reinstatement of a substantive right. However, it does not appear that Plaintiff's complaint seeks reinstatement of a substantive right. Therefore, this argument is inapposite.

Defendants also cite *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978), for the proposition that, if a deprivation is "justified," then the recovery for a due process violation can only be nominal damages. A "justified deprivation" occurs if the defendants can prove that the deprivation would have occurred even if a proper hearing had been held. *Id.* at 260. In *Carey*, the court determined the deprivation was justified by examining the evidence that was presented at trial in the court below. *Id.* at 251. On a motion to dismiss, which is based only on the allegations in the complaint, the Court cannot determine if Plaintiff's deprivation was justified. Because this argument would be appropriate on a motion for summary judgment, it is denied without prejudice.

#### 2. Punitive Damages

Citing *Smith v. Wade*, 461 U.S. 30, 56 (1983), Defendants argue Plaintiff is not entitled to punitive damages because these damages may be assessed only where a defendant's conduct is shown to be motivated by evil motive or intent, or involves reckless or callous indifference to the constitutional rights of others. This argument, like the one above, requires a factual analysis and is appropriate on a motion for summary judgment, not on a motion to dismiss. Therefore, this argument also, is denied without prejudice.

#### 3. Injunctive Relief

Defendants argue that Plaintiff's request for injunctive relief is moot because "he has already completed his treatment in the SQ PIP and was released from the program before he filed the instant action." However, without evidence, the Court cannot make a finding that Plaintiff was released from the SQ PIP program before he filed the instant action. This argument also is premature and is denied without prejudice.

### 4. Declaratory Relief

Defendants correctly argue that Plaintiff's request for declaratory relief should be denied because it is subsumed by his damages claim. *See Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action). Therefore, the motion to dismiss the request for declaratory relief is granted.

## III. Motion for Sanctions

Plaintiff moves for sanctions against Defendant Dickson because she falsely responded to one of Plaintiff's interrogatories. Defendant Dickson opposes the motion on the grounds that Plaintiff failed to meet and confer before filing the motion and that her response is not subject to sanctions under the law.

Under Rule 37 of the Federal Rules of Civil Procedure, a party must meet and confer with an opposing party before filing a motion for sanctions about a discovery dispute. Fed. R. Civ. P. 37(a)(5)(A); Civ. L. R. 37-1. Defendant Dickson submits counsel's declaration that Plaintiff never contacted her regarding Dickson's response to his interrogatory. Plaintiff has not filed a declaration disputing this. Therefore, the motion is denied on the ground that Plaintiff failed to meet and confer with Dickson before moving for sanctions.

Furthermore, Rule 37(b) provides that sanctions may be imposed only after the Court has ordered the defendant to produce the requested discovery. Fed. R. Civ. P. 37(b); *see also Davis v. Kissinger*, 2008 WL 618802, *2 (E.D. Cal. Mar. 3, 2008) (plaintiff may move for sanctions only after court has ordered defendants to produce requested discovery). This motion is also denied on the ground that the Court has not ordered Dickson to produce any discovery, nor has Plaintiff filed a motion to compel the production of any discovery.

## IV. Plaintiff's Letters and Declarations

Plaintiff has submitted two declarations. The first, (doc. no. 29), states that he has not been granted priority legal status in the law library and that he must submit to humiliating unclothed strip/cavity searches when he goes to and from the law library. In the second declaration, (doc. no. 34), he states that he is being retaliated against because: (1) a $10,000 restitution fine was

1 improperly imposed on him and this deprives him of funds to purchase food or hygiene items;
2 (2) correctional officers deny him escorts to the law library; and (3) "the state" takes more money
3 from his account than it is entitled to. Plaintiff has also submitted two letters. The first letter,
4 (doc. no. 35), asks the Clerk of the Court for legal advice about proceeding with this lawsuit in the
5 event Plaintiff dies. The second letter, (doc. no. 36), asks the Court for legal advice about adding
6 defendants to his complaint.

7 The Court cannot respond to these ad hoc declarations and letters. However, if Plaintiff
8 believes he has a claim for retaliation against prison employees, he may file a separate complaint
9 against them after he has exhausted his administrative remedies or can prove that he cannot
10 exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a) (exhaustion requirement for prisoner
11 civil rights claims); *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (exhaustion requirement). He
12 cannot add a retaliation claim against non-defendants in this lawsuit. *See* Fed. R. Civ. P. 20(a)(2)
13 (plaintiff may bring a claim against multiple defendants only if the claim against them arises out
14 of the same transaction or occurrence, or series of transactions and occurrences, and there are
15 common questions of law or fact as to all defendants).

## CONCLUSION

17 Based on the foregoing, the Court orders as follows:
18 1. The motion for sanctions is denied.
19 2. The motion to dismiss is granted, in part, and denied, in part, as indicated above.
20 3. Defendants may file a motion for summary judgment, which is due no later than **twenty-**
21 **eight days** from the date of this order. If Defendants are of the opinion that this case cannot be
22 resolved by summary judgment, they shall so inform the Court before the date their motion is to
23 be filed. All papers filed with the Court shall be promptly served on Plaintiff. At the time of
24 filing the motion for summary judgment or other dispositive motion, Defendants shall comply
25 with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide
26 Plaintiff with notice of what is required of him to oppose a summary judgment motion. If
27 Defendants file a motion for summary judgment, Plaintiff's opposition shall be filed with the
28 Court and served on Defendants no later than **twenty-eight days** after the date on which the

1  motion is filed.  Defendants shall file a reply brief no later than **fourteen days** after the date the
2  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
3  hearing will be held on the motion unless the Court so orders at a later date.
4      4. This Order terminates docket numbers 21 and 28.
5      **IT IS SO ORDERED**.
6  Dated: 6/13/15

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

11